UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WEST COAST LIFE INSURANCE COMPANY,** | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:22-272 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| **ROSE MARIE SALAK and CHRISTINE SALAK, individually and as Executrix of the Estate of Kurt S. Salak,** | : | |
| | : | |
| Defendants | : | |

# MEMORANDUM

Before the court is an interpleader action brought pursuant to Fed.R.Civ.P. 22 by Plaintiff West Coast Life Insurance Company ("West Coast Life") to determine the proper beneficiary for a life insurance policy in the face amount of $500,000 that was owned by Kurt S. Salak (the "Insured"), who is now deceased. (Doc. 1). The defendants to the action are Rose Marie Salak ("Rose Marie") and Christine Salak ("Christine"), individually and as Executrix of the Estate of Kurt S. Salak (collectively, the "Interpleader Defendants"). The case is before the court on a motion for default judgment and interpleader of proceeds filed by West Coast Life. For the following reasons, West Coast Life's motion will be granted in part and denied in part.

## I.     BACKGROUND

On February 12, 2003, West Coast Life issued the Insured a life insurance policy in the face amount of $500,000, Policy No. Z02327694 (the "Policy"). (Doc. 1 at ¶6). In the application that was incorporated as part of the Policy, Christine, the Insured's wife, was designated as the Policy's primary beneficiary. *Id.*

On or around March 15, 2021, West Coast Life received a Change of Beneficiary form from the Insured purporting to designate his aunt, Rose Marie, as the Policy's primary beneficiary. *Id.* at ¶7. About a month later, on April 19, 2021, the Insured passed away. His death certificate listed the "manner of death" as suicide. *Id.* at ¶8.

Following the Insured's death, West Coast Life received competing claims to the Policy from Rose Marie and Christine. *Id.* at ¶9. On or around September 15, 2021 and December 1, 2021, West Coast Life received correspondences from Christine's counsel, Attorney Lora J. McDonald ("Attorney McDonald"), which challenged the Insured's Change of

Beneficiary form designation on the grounds that he lacked the mental capacity to understand the consequences of such change.[1]

On February 23, 2022, West Coast Life initiated this action by filing an interpleader complaint against the Interpleader Defendants, seeking interpleader relief and attorneys' fees and costs. (Doc. 1). On April 18, 2022, Christine filed an answer to the interpleader complaint as well as a cross-claim against Rose Marie, requesting that the court declare the Change of Beneficiary form to be null and void. (Doc. 7). Rose Marie failed to answer or otherwise respond to West Coast Life's interpleader complaint.

On May 12, 2022, West Coast Life filed a request for entry of default as to Rose Marie for her failure to answer or otherwise defend this action. (Doc. 8). Subsequently, on May 19, 2022, the Clerk of the Court filed an Entry of Default as to Rose Marie. (Doc. 9).

---

[1] Specifically, around September 15, 2021, West Coast Life received a letter from Attorney McDonald, which averred that "Mr. Salak was in such a state of mental and emotional distress that he lacked the mental capacity to understand the consequences of the change of beneficiary designation." (Doc. 1 at ¶10). The letter further stated that "[o]n April 17, 2021 and April 27, 2021, Mr. Salak left his daughter Monica voicemail messages discussing the change in beneficiary of the life insurance policy at which time he clearly indicated that it was his intention for the new beneficiary to take care of the girls through the proceeds of the life insurance policy and that it was not his intent to leave the proceeds to the new beneficiary." *Id.*

West Coast Life filed the instant motion for default judgment and interpleader of proceeds on May 27, 2022, seeking (1) default judgment against Rose Marie, as well as (2) interpleader of proceeds, discharge, and dismissal with prejudice. (Doc. 10). West Coast's motion is accompanied by a supporting brief and a certificate of concurrence from Christine. *Id.* As none of the Interpleader Defendants has filed a brief opposing the motion, the instant motion is ripe for the court's review.

## II.     JURISDICTION

There are two methods for bringing an interpleader suit in federal court: statutory interpleader under 28 U.S.C. §1335 and rule interpleader under Federal Rule of Civil Procedure 22. *Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007). Where an interpleader suit is brought under Rule 22, as is the case here, "the plaintiff must plead and prove an independent basis for subject matter jurisdiction" because Rule 22 is "no more than a procedural device." *Id.* (citations omitted).

The court has diversity jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §1332, as the parties are diverse and the amount in controversy exceeds $75,000. (*See* Doc. 1 at ¶¶1-3, 6). Venue is proper in this court since an interpleader action may be brought in the judicial district

in which one or more of the claimants reside. 28 U.S.C. §1397. Interpleader Defendant Rose Marie resides in Pennsylvania. (Doc. 1 at ¶2).

### III.   DISCUSSION

Rule 22 of the Federal Rules of Civil Procedure provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed.R.Civ.P. 22(a)(1). "The purpose of the interpleader device is to allow a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *Prudential Ins. Co. of America v. Hovis,* 553 F.3d 258, 262 (3d Cir. 2009) (*quoting* 7 Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure §1704 (3d ed.2001), at 540–41)(internal quotation marks omitted).

An interpleader action is properly brought where the plaintiff "is a stakeholder that admits it is liable to one of the claimants, but fears the prospect of multiple liability. Interpleader allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceedings." *Metropolitan Life Ins. Co. v. Price,* 501 F.3d 271, 275 (3d Cir. 2007). "It is a general rule that a party seeking interpleader must be free from blame in

causing the controversy…" *Allstate Life Ins. Co. v. McBrearty*, No. 3:11–CV–1860, 2013 WL 2291888, at \*7 (M.D.Pa. May 24, 2013) (*quoting Farmers Irrigating Ditch & Reservoir Co. v. Kane,* 845 F.2d 229, 232 (10th Cir.1988)).

As the Third Circuit has explained in *Prudential Ins. Co. of America v. Hovis,* 553 F.3d 258 (3d Cir. 2009):

> The typical interpleader action proceeds in two distinct stages. *See NYLife Distribs., Inc. v. The Adherence Group, Inc.,* 72 F.3d 371, 375 (3d Cir. 1995). During the first stage, the court determines whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants. *Id.*; *United States v. High Tech. Prods., Inc.,* 497 F.3d 637, 641–42 (6th Cir.2007); 7 Wright & Miller, §1714, at 624–28. During the second stage, the court determines the respective rights of the claimants to the interpleaded funds. *NYLife,* 72 F.3d at 375; *High Technology,* 497 F.3d at 641.

*Id.* at 262. In the present case, the court first examines West Coast Life's interpleader complaint to determine whether it is properly brought and whether to discharge it from further liability. The court finds that interpleader, dismissal, and deposit of funds is appropriate in this instance. West Coast Life is a disinterested stakeholder as it does not dispute that the proceeds of the Policy are payable to one or more of the defendants but seeks to protect itself from multiple liabilities and ongoing litigation. Further, West Coast Life is not at fault in causing the underlying controversy among the parties

regarding the Policy and has provided a thirty-day courtesy period for the defendants to explore a potential resolution of their competing claims. (Doc. 1 at ¶12). Because of the potential competing claims to the Policy, it is appropriate for West Coast Life to seek to deposit the proceeds with the court. Accordingly, we will grant West Coast Life's motion to the extent that it seeks interpleader relief discharging West Coast Life from liability under the Policy.

The court now turns to West Coast Life's request for default judgment against Rose Marie under Rule 55 of the Federal Rules of Civil Procedure. Under Rule 55, "[a]fter a clerk enters default pursuant to Federal Rule of Civil Procedure 55(a) against a party that has 'failed to plead or otherwise defend' an action, the party may be subject to entry of a default judgment." *Serv. Emps. Int'l Union v. ShamrockClean Inc.*, 325 F. Supp. 3d 631, 634 (E.D. Pa 2018) (*quoting* Fed.R.Civ.P. 55(a)). The court acknowledges that the Third Circuit generally disfavors default judgments and encourages decisions on the merits. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008); *$55,518.05 in U.S. Currency*, 728 F.2d at 194–95 ("[T]his court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be

decided on their merits.") (citation and internal quotation marks omitted). Further, "[a]n entry of default under Rule 55(a) 'does not entitle a claimant to default judgment as a matter of right.'" *Manufacturers and Traders Trust Co. v. Chalpin Dental Associates, P.C.*, No. 10–7342, 2012 WL 1033862, *9 (E.D. Pa. March 28, 2012) (citation omitted).

As previously noted, interpleader relief "allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceeding." *Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007). "The second stage [of an interpleader action], which proceeds like any other action, is ultimately resolved by the entry of a judgment in favor of the claimant who is lawfully entitled to the stake." *NYLife Distributors, Inc. v. Adherence Group, Inc.*, 72 F.3d 371, 375 (3d Cir. 1995) (citation omitted) (alteration added).

Because the court will grant West Coast Life interpleader relief, its request for default judgment against Rose Marie Salack is rendered moot. *See, e.g.*, *Prudential Ins. Co. of America v. White*, 16-cv-1094, 2017 WL 2834459, at *3 (M.D.Pa. 2017) ("As to the portion of Prudential's motion seeking a default judgment as to White, the Court finds that such relief is more appropriately sought in the second stage of this proceeding, where the Court will determine the rights of the claimants to the interpleaded funds.");

*Principal Life Ins. Co. v. Brooks*, 19-CV-00450, 2020 WL 3469080, at *3 (M.D.Pa. 2020) ("Thus, once a party has been granted interpleader relief, that party's request for default judgment against another party is moot."); *Primerica Life Ins. Co. v. Coleman*, No. 3:16-CV-02429, 2017 WL 4711436, at *2 (M.D. Pa. Oct. 20, 2017) ("Because the Court grants summary judgment as to Primerica's claim for interpleader relief, Primerica will be dismissed from the case, rendering its motion for default judgment against Christopher Coleman moot.").

Accordingly, the court will deny that portion of West Coast Life's motion, without prejudice to any of the Interpleader Defendants' filing a similar motion during the second stage of the interpleader proceeding.

**IV. CONCLUSION**

For the foregoing reasons, the court will grant in part and deny in part West Coast Life's motion for default judgment and interpleader relief, (Doc. 10). The motion will be granted as to West Coast Life's request for interpleader relief, and it will be denied as to its request for default judgment against Rose Marie Salak.